

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,366

**EX PARTE MANDIS BARROW, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W-37-056 D IN THE 320TH JUDICIAL DISTRICT COURT FROM POTTER COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery and was placed on deferred adjudication community supervision for ten years. On May 10, 2000, the trial court adjudicated him guilty and sentenced him to twenty years' imprisonment. The Seventh Court of Appeals affirmed the sentence. *Barrow v. State*, No. 07-00-00280-CR, 2001 Tex. App. LEXIS 3697 (Tex. App.–Amarillo, June 4, 2001, no pet.) (not designated for publication).

Applicant contends, *inter alia*, that newly-discovered evidence about Agent Tom Coleman's

reliability and "pattern of perjury" shows that Applicant's due process rights were violated at the adjudication hearing. He also alleges that the State did not provide the defense with material impeachment evidence regarding Coleman's reputation for dishonesty and his legal problems and various employment problems with both the Panhandle Regional Narcotics Trafficking Task Force and other police agencies.

This Court received the original 11.07 application on September 30, 2002 and denied relief without a written order on July 16, 2003. We withdrew that decision, reconsidered the case on our own motion, and remanded it to the trial court for findings of fact and conclusions of law on December 19, 2009.

On remand, the Potter County district court determined that, while the trial prosecutor had no knowledge about witness Tom Coleman's "questionable" credibility, other State agents were aware of the information, which was not provided to applicant or counsel. The trial court also adopted the global findings of fact from the Swisher County post-conviction litigation in other "Tulia Cases" in the 242nd District Court. Some of those findings applied specifically to applicant's adjudication of guilt. The trial court concluded that without the testimony of Tom Coleman, "the Court would not have proceeded to adjudication and would have continued Applicant on community supervision."

Applicant is entitled to relief. *Brady v. Maryland*, 373 U.S. 83 (1963). Relief is granted. The judgment adjudicating guilt in Cause No. W-37-056 D in the 320th Judicial District Court of Potter County is set aside, and Applicant is remanded to the custody of the Sheriff of Potter County to answer the allegations that he violated the terms of his deferred adjudication community supervision.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 30, 2010
Do Not Publish